8569. BREED, ELLIOT & HARRISON *v.* CITY OF ROME.

WADE, C. J. 1. The petition of the plaintiff (a corporation) alleged: that its bid for an issue of bonds by the City of Rome was accepted on March 31, 1915, with the proviso that prior to its acceptance and payment for the bonds the purchaser should be furnished by the municipality with full and complete transcripts establishing to the satisfaction of its attorneys the legality of the issue; that the transcripts were duly submitted, and proved satisfactory to the attorneys for the purchaser, and that the bonds would have been received and paid for by the purchaser, but, "before said bonds were ready for delivery to petitioner," the form of the municipal government of Rome was changed by an act of the legislature (Ga. L. 1914, p. 1140), which went into effect on April 5, 1915, when the mayor and council of the city retired from office and commissioners assumed charge of all municipal affairs; that the bonds tendered to the petitioner after said change in the form of government of the city and the change of its officials bore the signature of the former mayor and the former clerk of council, who were not in office at the time of the tender, but had been superseded by other officials. Conceding, for the purposes of this case only, the correctness of the contention that the purchaser was entitled to have bonds delivered to it which bore the signature of the officials of the City of Rome in office at the time of the delivery (this question, however, not being passed upon), and construing the plaintiff's petition most strongly against the pleader (in accordance with the familiar rule), it does not appear that the bonds were not signed by the mayor and the clerk of council *before* the expiration of their terms of office; and the allegation that the commission government assumed charge of the city "before said bonds *were ready for delivery* to petitioner" does not disclose why they were not ready for delivery, or indicate that they were not signed and executed by the proper officials, having authority at the time of the signing and execution, or even suggest that they were not ready for delivery because of any fault or negligence on the part of the city, but, to the contrary (and for aught that is alleged in the petition), the failure to deliver between March 31 and April 5 following may have been due to the tardiness or fault of the purchaser, and, under the general averment made, must be presumed to have been due to that cause.

2. The trial judge therefore (aside from other considerations) did not err in sustaining the demurrer to the 8th, 9th, and 10th paragraphs of the plaintiff's petition, which sought to recover damages for certain expenses incurred in connection with the making of the plaintiff's bid, and because of the alleged loss of profits.

   *Judgment affirmed. Jenkins and Luke, JJ., concur.*
    DECIDED JANUARY 29, 1918.

 Action for breach of contract; from Floyd superior court—Judge Wright. February 7, 1917. See post, 805.

 *Maddox & Doyal,* for plaintiff. *Max Meyerhardt,* for defendant.